PHILLIP A. TALBERT
United States Attorney
CHRISTOPHER S. HALES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**

May 06, 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> YVONNE GAIDE, <br><br> Defendant. | CASE NO. 2:22-cr-0095 JAM <br><br> 18 U.S.C. § 1343 – Wire Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

I N F O R M A T I O N

COUNT ONE: [18 U.S.C. § 1343 – Wire Fraud]

  The United States Attorney charges:

        YVONNE GAIDE,

defendant herein, as follows:

  **I.**  **INTRODUCTION**

At all times relevant to this Information:

  1.  SCHENELLE M. FLORES, charged elsewhere, resided in Sacramento, California. SCHENELLE M. FLORES was employed as a manager in the Office of AIDS at the California Department of Public Health in Sacramento, California. The Office of AIDS was responsible for working on behalf of the State of California to combat the HIV and AIDS epidemic, including providing

INFORMATION            1

supplies and services to local health jurisdictions.

2. Individual 1 resided in Sacramento, California.

3. CHRISTINE M. IWAMOTO, charged elsewhere, resided in Sacramento, California. Beginning in approximately March 2018, CHRISTINE M. IWAMOTO operated SOLE PROPRIETORSHIP 1, which purported to be a consulting business. CHRISTINE M. IWAMOTO was employed by the Office of AIDS until March 2018.

4. Individual 3 resided in Sacramento, California. Beginning in approximately March 2018, Individual 3 operated SOLE PROPRIETORSHIP 2, which purported to be a business providing website and information technology services.

5. Individual 4 resided in the Fresno, California, area. Individual 4 was the Chief Executive Officer of CORPORATION 1, located in Coarsegold and then Fresno, California. CORPORATION 1 had a contract with the California Department of Public Health to provide services to the Office of AIDS, including distributing condoms and other harm reduction supplies.

6. Individual 5 lived in the Fresno, California, area. Individual 5 was the Chief Financial Officer of CORPORATION 1.

7. YVONNE GAIDE resided in Orangevale, California. YVONNE GAIDE was employed as an analyst in the Office of AIDS at the California Department of Public Health in Sacramento, California.

## II.     SCHEME TO DEFRAUD

8. Beginning by about December 2017, and continuing until at least about November 2018, SCHENELLE M. FLORES, CHRISTINE M. IWAMOTO, defendant YVONNE GAIDE, and others known and unknown to the Grand Jury knowingly devised, intended to devise, and participated in a material scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, promises, and half-truths.

9. The purpose of the scheme was to divert funds from the California Department of Public Health for the personal use of SCHENELLE M. FLORES, CHRISTINE M. IWAMOTO, YVONNE GAIDE, and others known and unknown to the Grand Jury.

### III.  MANNER AND MEANS

In furtherance of the fraud, SCHENELLE M. FLORES, CHRISTINE M. IWAMOTO, YVONNE GAIDE, and others known and unknown to the grand jury employed, among others, the following ways and means:

10. SCHENELLE M. FLORES, CHRISTINE M. IWAMOTO, YVONNE GAIDE, and others known and unknown to the Grand Jury caused CORPORATION 1 to incur expenses that were personal and not for business related to the Office of AIDS.  SCHENELLE M. FLORES, CHRISTINE M. IWAMOTO, YVONNE GAIDE, and others working with them made and caused to be made material false statements, representations, promises, and half-truths so that the personal expenses incurred by CORPORATION 1 would be charged to the State of California pursuant to the contract between CORPORATION 1 and the California Department of Public Health.

11. Individual 5 gave SCHENELLE M. FLORES access to debit cards linked to bank accounts for CORPORATION 1.  SCHENELLE M. FLORES, Individual 1, YVONNE GAIDE, and others used those debit cards to make personal purchases, including but not limited to season tickets to sports games, concert tickets, personal travel, events hosted by restaurants and other venues, gift cards, and payments to family and friends.  SCHENELLE M. FLORES, Individual 4, Individual 5, and YVONNE GAIDE corresponded about falsely designating the personal purchases as expenses under the state contract, despite knowing that such designation was false.

12. SCHENELLE M. FLORES also directed CORPORATION 1, though Individual 4 and Individual 5, to purchase batches of gift cards.  On several occasions, SCHENELLE M. FLORES directed CORPORATION 1, though Individual 4 and Individual 5, to provide the gift cards to Individual 1. CHRISTINE M. IWAMOTO provided instruction to Individual 1 about picking up the gift cards from Corporation 1.  SCHENELLE M. FLORES falsely represented to Individual 4 and Individual 5 that the gift cards were for use by the Office of AIDS, such as for patient incentives, when in fact they were for personal use by SCHENELLE M. FLORES, CHRISTINE M. IWAMOTO, Individual 1, YVONNE GAIDE, and others.

13. In addition, SCHENELLE M. FLORES directed CORPORATION 1, though Individual 4 and Individual 5, to pay invoices to businesses that were purportedly doing work for the Office of AIDS,

including SOLE PROPRIETORSHIP 1 and SOLE PROPRIETORSHIP 2.  SCHENELLE M. FLORES submitted to CORPORATION 1 invoices for those businesses with multiple false representations, promises, and half-truths, including about the individuals associated with the businesses and the services performed or promised to be performed for the Office of AIDS.

14.     CHRISTINE M. IWAMOTO opened a bank account in the name of SOLE PROPRIETORSHIP 1, whose entity name indicated that it provided consulting services.  CHRISTINE M. IWAMOTO coordinated with SCHENELLE M. FLORES to request payment from CORPORATION 1 for work ostensibly performed or promised to be performed by SOLE PROPRIETORSHIP 1 for the Office of Aids.  Individual 3 opened a bank account in the name of SOLE PROPRIETORSHIP 2, whose entity name indicated that it provided website technology services.  The invoices submitted by SCHENELLE M. FLORES directed CORPORATION 1 to make payments to the bank accounts that were controlled by CHRISTINE M. IWAMOTO and Individual 3, despite the fact that CHRISTINE M. IWAMOTO, Individual 3, SOLE PROPRIETORSHIP 1, and SOLE PROPRIETORSHIP 2 were not doing work for the Office of AIDS.  The funds paid by CORPORATION 1 were then used for personal purposes by CHRISTINE M. IWAMOTO, Individual 3, SCHENELLE M. FLORES, Individual 1, YVONNE GAIDE, and others.

15.     It was further part of the scheme that SCHENELLE M. FLORES, Individual 4, Individual 5, and others caused the personal expenses, including debit card purchases, gift card purchases, and invoice payments, to be charged to the state contract.  Individual 4 and Individual 5 did so knowing that SCHENELLE M. FLORES had falsely designated personal debit card purchases as expenses under the state contract.  Individual 4 submitted invoices to the Office of AIDS on behalf of CORPORATION 1 that contained false representations, promises, and half-truths, including that the expense amounts claimed on the invoices were for HIV prevention services and that the amounts claimed were owed to CORPORATION 1 for expenses under the contract.  SCHENELLE M. FLORES and YVONNE GAIDE presented those invoices for payment by the State of California, despite knowing that the invoices contains such false representations, promises, and half-truths.

16.     As a result of the scheme, SCHENELLE M. FLORES, CHRISTINE M. IWAMOTO, Individual 1, Individual 3, YVONNE GAIDE, and their families and friends obtained a total of at least

approximately $2 million in personal benefits, including but not limited to cash and purchased items. Individual 4 and Individual 5 obtained substantial personal compensation through CORPORATION 1, including 2018 annual salaries of approximately $440,000 each, as a result of maintaining the contract with the California Department of Public Health.

## IV.   USE OF THE INTERSTATE WIRES

17.    On or about the date listed below, for the purpose of executing the aforementioned scheme and artifice to defraud and attempting to do so, YVONNE GAIDE, as more specifically charged below, knowingly caused to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, pictures and sounds:

| COUNT | ON OR ABOUT DATE | WIRE DESCRIPTION |
|---|---|---|
| 1 | May 30, 2018 | Wire transfer of $70,000 from CORPORATION 1's J.P. Morgan Chase account ending #2567 to SOLE PROPRIETORSHIP 1's Bank of America account ending #9782 |

All in violation of 18 U.S.C. §§ 2 and 1343.

FORFEITURE ALLEGATION:  [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1.    Upon conviction of the offense alleged in Count One of this Information, defendant SCHENELLE M. FLORES shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real and personal, which constitutes or is derived from proceeds traceable to such violations, including but not limited to the following:

   a.    A sum of money equal to the total amount of proceeds traceable to such offenses, for which defendant is convicted.

2.    If any property subject to forfeiture, as a result of the offense alleged in Count One of this Information, for which defendant is convicted:

   a.    cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

Dated:  May 6, 2022

PHILLIP A. TALBERT
United States Attorney

By: *[signature]*
CHRISTOPHER S. HALES
Assistant United States Attorney

**United States v. Yvonne Gaide**
**Penalties for Information**

## COUNT 1:

VIOLATION:        18 U.S.C. § 1343 – Wire Fraud

PENALTIES:        A maximum of up to 20 years in prison; or
Fine of up to $250,000, or twice the gross gain or twice the gross loss, whichever is greater; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100 (mandatory on each count)


## FORFEITURE ALLEGATION:

VIOLATION:        18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

PENALTIES:        As stated in the charging document